UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

Civil Action No. 4:22-cv-77

| | |
|---|---|
| SUSAN QUAST,<br>    Plaintiff,<br><br>v.<br><br>ENGLISH RIDING SUPPLY,<br>INC., ERS EQUISTRIAN, INC.,<br>f/k/a ENGLISH RIDING SUPPLY,<br>INC., ENGLISH RIDING<br>SUPPLY, LLC, ENGLISH RIDING<br>SUPPLY, LLC, f/k/a ENGLISH<br>RIDING SUPPLY LLC,<br>AMERICAN SPECIALTIES, INC.,<br>ITR INDUSTRIES, INC., HOPUS<br>TECHNOLOGY, INC., and AEGIS<br>SPORTS, INC.,<br>    Defendants. | **NOTICE OF REMOVAL TO<br>FEDERAL COURT** |

  Defendant ITR Industries, Inc. (the "Removing Defendant"), by and through undersigned counsel, respectfully removes the above-entitled action from the Superior Court of Halifax County, North Carolina to the United States District Court for the Eastern District of North Carolina, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. In support of this Notice of Removal, the Removing Defendant states as follows:

  1.  This action is being removed to federal court based on diversity of citizenship between the parties and an amount in controversy greater than $75,000.00.

  2.  On May 31, 2022, Plaintiff filed a Complaint in the Superior

Court of Halifax County, North Carolina, styled *"Susan Quast, Plaintiff v. English Riding Supply, Inc., ERS Equistrian, Inc., f/k/a English Riding Supply, Inc., English Riding Supply, LLC, English Riding Supply, LLC, f/k/a English Riding Supply LLC, American Specialties, Inc., ITR Industries, Inc., Hopus Technology, Inc., and Aegis Sports, Inc, Defendants,* 22 CVS 411" ("Superior Court Action").

3. Defendant American Specialties, Inc. was served with the Summons and Complaint on or about June 6, 2022. Defendant ITR Industries, Inc. was served with the Summons and Complaint on or about June 17, 2022, and Defendant English Riding Supply, LLC was served with the Summons and Complaint on or about June 21, 2022. The Removing Defendant does not believe the remaining defendants have been served with the Summons and Complaint. This notice is being filed within thirty days of the date of service of the Summons and Complaint on Defendant ITR Industries, Inc.

4. The only other served Defendants, American Specialties, Inc. and English Riding Supply, LLC, have been consulted and affirmatively consent to and agree with the removal of this action to federal court.

5. Plaintiff's claims for relief against Defendants in the Superior Court action are for negligent and wanton conduct, breach of express and implied warranties, unfair and deceptive trade practices, negligent and wanton misrepresentation, breach of contract, and punitive damages. Plaintiffs' Complaint requests compensatory damages greater than

$25,000.00. Plaintiff further seeks treble damages against Defendants. Plaintiff also seeks punitive damages against Defendants. Prior to filing her Complaint, Plaintiff provided a settlement demand that exceeded the jurisdictional amount of $75,000. Therefore, upon information and belief, Plaintiff seeks an amount in controversy that exceeds $75,000, exclusive of interest and costs.

6. The United States District Court for the Eastern District of North Carolina has original jurisdiction over the Superior Court action pursuant to 28 U.S.C. § 1332(a) and it may be removed by Defendants pursuant to 28 U.S.C. § 1441(a) and (b) for the following reasons:

(a) The matter in controversy between Plaintiff and the Defendants was, at the commencement of this action and at all relevant times including the date of removal, one in which complete diversity of citizenship exists. It is alleged that Plaintiff is a citizen of the State of New York. Defendant American Specialties, Inc. is also a citizen of the State of New York. However, American Specialties, Inc. was fraudulently joined and should be dismissed as it is not a proper party. Absent the improper joinder of American Specialties, Inc., complete diversity of citizenship exists.

(b) Plaintiff is a citizen and resident of the State of New York.

(c) Defendant English Riding Supply, Inc. was incorporated under the laws of the State of Delaware, and is a Delaware corporation and has its principal place of business in the State of Pennsylvania. Therefore, Defendant English Riding Supply, Inc. is a citizen of Delaware and Pennsylvania.

(d) Defendant ERS Equestrian, Inc. was incorporated under the laws of the State of Delaware, and is a Delaware corporation and has its principal place of business in the State of Pennsylvania. Therefore, Defendant ERS

- 3 -

4882-7136-9000, v. 1

Equistrian, Inc. is a citizen of Delaware and Pennsylvania.

(e) Defendant English Riding Supply, LLC is a Delaware limited liability company and has its principal place of business in the State of Pennsylvania.

The sole member of English Riding Supply, LLC is English Riding Supply Holdings, LLC, Delaware limited liability company and has its principal place of business in the State of Pennsylvania.

English Riding Supply Holdings, LLC:
Members are: (i) ERS InvestCo, LLC, a Delaware limited liability company, (ii) NCK ERS Investor, LLC, a Delaware limited liability company, and (iii) Michael Diamond, a citizen and resident of the State of Pennsylvania.

ERS InvestCo, LLC has its principal place of business in the State of Pennsylvania. NCK ERS Investor, LLC has its principal place of business in the State of Texas.

ERS InvestCo, LLC:
Members are: (i) NCK ERS Investor, LLC, a Delaware limited liability company, (ii) and PNC Mezzanine Fund IV, LP, which is a Delaware Limited Partnership. PNC Mezzanine Fund IV, LP is an affiliate of The PNC Financial Services Group, Inc., a Pennsylvania corporation and publicly traded company.

NCK ERS Investor, LLC:
Members are: (i) The Potomac River Exempt Trust, and (ii) The Reynolds Kornman Descendents Exempt Trust. Both of these trusts are domiciled in the State of Texas.

Therefore, no member of Defendant English Riding Supply, LLC is a citizen of New York.

(f) Defendant ITR Industries, Inc. was incorporated under the laws of the State of Delaware, and is a Delaware corporation and has its principal place of business in the

(g)     State of Connecticut. Therefore, Defendant ITR Industries, Inc. is a citizen of Delaware and Connecticut.

(g) Defendant Hopus Technology, Inc. is a Taiwanese corporation with its principal place of business located in Tainan City, Taiwan. Therefore, Defendant Hopus Technology, Inc. is a citizen of Taiwan.

(h) Defendant Aegis Sports, Inc. is a Taiwanese corporation with its principal place of business located in Tainan City, Taiwan. Therefore, Defendant Aegis Sports, Inc. is a citizen of Taiwan.

(i) Defendant American Specialties, Inc. was incorporated under the laws of the State of New York, and is a New York corporation and has its principal place of business in the State of New York. Therefore, Defendant American Specialties, Inc. is a citizen of New York. However, Defendant American Specialties, Inc. is not a proper party, was fraudulently joined, and should be dismissed from the case.

(j) Defendant American Specialties, Inc., was joined to defeat diversity of citizenship. Under the doctrine of fraudulent joinder, the citizenship of the nondiverse defendant should be disregarded for purposes of removal and federal diversity jurisdiction.

(k) Plaintiff's Complaint alleges she was injured in September, 2019 while using a product manufactured by a Taiwanese corporation and distributed by English Riding Supply, Inc. Plaintiff's theories of liability against American Specialties, Inc. are through imputed or vicarious liability under an alleged joint enterprise, breach of warranty, unfair trade practices and misrepresentation.

(l) Plaintiff's liability theories against American Specialties, Inc. fail as a matter of law. There is no joint enterprise involving American Specialties, Inc., and it was not involved in the manufacture, sell, advertising or distribution of the Ovation equestrian helmet at issue in this litigation.

(m) English Riding Supply (now ERS Equistrian, Inc.) and

4882-7136-9000, v. 1

American Specialties engage in completely separate types of business at separate locations in two different states. American Specialties manufactures commercial washroom accessories from its business located in the State of New York. It does not manufacture or distribute equestrian riding helmets or any other equestrian products, and does not derive any profit from the manufacture, sell or distribution of English Riding Supply (now ERS Equestrian) equestrian products. American Specialties does not advertise any English Riding Supply (now ERS Equestrian) equestrian products, and it does not control, maintain or own any equestrian product trademarks or brand names, including the Ovation helmet at issue in this case. American Specialties did not provide any express or implied warranties, or other representations related to the Ovation helmet at issue.

(n) ITR Industries, Inc. is the sole shareholder of both English Riding Supply, Inc. (now ERS Equestrian, Inc.) and American Specialties, Inc. Although ITR Industries, Inc. is a common owner of both entities, they are completely independent of each other.

(o) American Specialties, Inc. does not have any ownership interest in English Riding Supply, Inc. (now ERS Equestrian, Inc.) or any of the other named defendants.

(p) English Riding Supply (now ERS Equestrian) only distributes equestrian products from its place of business in the State of Pennsylvania. It does not advertise, manufacture or distribute commercial washroom products, and does not derive any profit from commercial washroom products manufactured by American Specialties.

(q) English Riding Supply (now ERS Equestrian) and American Specialties have separate business operations, including separate warehouses, purchasing departments, and accounting/credit departments. There is no cross over of products from American Specialties to English Riding Supply (now ERS Equestrian). They supply different products to different markets and different customers. There is no alliance between the two entities, they do not have any community of interest or common purpose, and neither entity has the right to direct or govern the

- 6 -

Case 4:22-cv-00077-FL   Document 1   Filed 07/14/22   Page 6 of 9
4882-7136-9000, v. 1

operations of the other.

(r) On December 31, 2021 English Riding Supply, Inc. sold most of its assets to English Riding Supply, LLC, a Delaware limited liability company. English Riding Supply, Inc. retained all prior liabilities. In December, 2021 English Riding Supply, Inc. changed its name to ERS Equistrian Inc. (name was misspelled by DE Secretary of State).

(s) Absent Plaintiff's improper joinder of American Specialties, Inc., this Court would have original diversity jurisdiction over this action when it was filed, and this case is therefore properly removable.

(t) Therefore, the Removing Defendant files this notice of removal of this action from the Superior Court, Halifax County, to the United States District Court for the Eastern District of North Carolina.

7. Venue within the Eastern District of North Carolina, Eastern Division, is appropriate under 28 U.S.C. §§ 113(a) and 1441(a), as the Superior Court of Halifax County, North Carolina, where Plaintiff filed her Complaint, is located within said district and division.

8. Attached to this notice as Exhibit 1 is a copy of the Summons and Complaint filed in the Superior Court action.[1]

9. A copy of this Notice of Removal is being served on the Clerk of Superior Court of Halifax County, North Carolina contemporaneously with the filing of this Notice of Removal, as shown by the notice attached as Exhibit 2.

---

[1] In accordance with 28 U.S.C. § 1446(a), all process, pleadings, and orders received or served upon this defendant in the State Court Action are attached to this notice, including the Complaint and Summons. Upon information and belief, no further proceedings have taken place in Halifax County Superior Court.

- 7 -

WHEREFORE, the Removing Defendant respectfully requests that this action be removed from the Superior Court of Halifax County, North Carolina, to the United States District Court for the Eastern District of North Carolina.

This the 14th day of July, 2022.

                CRANFILL SUMNER LLP

BY:   /s/ James C. Thornton
       JAMES C. THORNTON
       N.C. State Bar No. 16859
       E-mail: jthornton@cshlaw.com
       Post Office Box 27808
       Raleigh, North Carolina 27611-7808
       Telephone (919) 828-5100
       *Attorneys for Defendant ITR Industries, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2022, I electronically filed the foregoing *Notice of Removal* with the Clerk of Court using the CM/ECF system, and will deposit the foregoing documents in the US Mail addressed to the following counsel of record:

Noah B. Abrams
Abrams & Abrams, P.A.
1526 Glenwood Avenue
Raleigh, NC 27608
E-mail: nabrams@abramslawfirm.com

Matthew S. Sullivan
White & Allen, P.A.
P.O. Box 3169
Kinston, NC 28502
E-mail: msullivan@whiteandallen.com

                              CRANFILL SUMNER LLP

BY:   /s/ James C. Thornton
        JAMES C. THORNTON
        N.C. State Bar No. 16859
        E-mail: jthornton@cshlaw.com
        Post Office Box 27808
        Raleigh, North Carolina 27611
        Telephone (919) 828-5100
        *Attorneys for Defendants ITR Industries, Inc.*