| | |
|---|---|
| SUSAN QUAST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ENGLISH RIDING SUPPLY, INC.; ERS ) | |
| EQUESTRIAN INC., f/k/a ENGLISH ) | |
| RIDING SUPPLY, INC.; ENGLISH ) | ORDER |
| RIDING SUPPLY, LLC; ENGLISH ) | |
| RIDING SUPPLY, LLC, f/k/a ENGLISH ) | |
| RIDING SUPPLY, LLC; AMERICAN ) | |
| SPECIALTIES, INC.; ITR INDUSTRIES, ) | |
| INC., HOPUS TECHNOLOGY, INC., and ) | |
| AEGIS SPORTS, INC., ) | |
| Defendants. | |

This matter comes before the court on plaintiff's motion to remand. (DE 11). The motion has been briefed fully and, in this posture, the issues raised are ripe for ruling. Also before the court is plaintiff's motion for extension of time to perfect service on defendant English Riding Supply, Inc. ("ERS, Inc.") (DE 21). For the following reasons, the motion to remand is granted, and the case remanded to Halifax County Superior Court. The court does not reach the motion for extension of time.

## STATEMENT OF THE CASE

Plaintiff initiated this products liability action arising out of injuries sustained in a horseback riding accident, in Halifax County Superior Court, on May 31, 2022. Plaintiff asserts claims for negligence, breach of warranties, violation of N.C.G.S. § 75-1.1, et seq., negligent

1

misrepresentation, and breach of contract, all under North Carolina law. Plaintiff seeks compensatory and punitive damages, attorneys' fees, interest, and costs. Her complaint names defendants American Specialties, Inc. ("ASI"); ITR Industries ("ITR"); ERS, Inc.; ERS Equestrian, Inc., f/k/a English Riding Supply, Inc. ("ERSE"); English Riding Supply, LLC ("ERS, LLC"); and English Riding Supply, LLC, f/k/a English Riding Supply, LLC ("ERS, LLC"), referred to in this order as "American defendants," as well as defendants Hopus Technology, Inc. and Aegis Sports, Inc., who are Taiwanese companies not relevant to this order.

Defendant ITR removed to this court July 14, 2022, with the consent of all defendants who had been served by that time, asserting defendant ASI was fraudulently joined and thus could be disregarded for jurisdictional purposes. Among the remaining parties, defendant ITR asserted there was complete diversity and the requirements of 28 U.S.C. § 1332 were satisfied.

Plaintiff filed the instant motion to remand on the grounds that defendant ASI was not fraudulently joined and complete diversity accordingly is lacking, where both plaintiff and defendant ASI are citizens of New York for diversity jurisdiction purposes. Defendant ITR responded in opposition, relying on declarations by its attorney James C. Thornton; its employee Adrienne Rolla; ERS, LLC board of managers member Grant Kornman; and PN Mezzanine Fund IV GP, LLC general partner Robert B. Codol. The court granted a motion by defendant ITR for leave to file sur-reply, in which defendant ITR argues that plaintiff improperly raised the issue of defendants' consent to removal for the first time in her reply. Plaintiff filed sur-sur-reply asserting that she had raised the issue in her motion to remand.

## STATEMENT OF FACTS

The relevant facts alleged in the complaint may be summarized as follows. Plaintiff is a citizen and resident of New York. While horseback riding in Halifax County, North Carolina,

2

September 24, 2019, plaintiff was thrown from her horse. At the time, plaintiff was wearing an "Ovation Deluxe Schooler" helmet (the "helmet"), which was "manufactured and sold under the Ovation Trademark, . . . which trademark is owned by ERS, Inc. and/or ERS, LLC." (Compl. ¶ 19).

After being thrown from her horse, plaintiff landed on her right side with her head making contact with the ground. Plaintiff's helmet remained on her head but the visor, "which was an original component of the subject helmet designed, manufactured, assembled, inspected, marketed, sold, and supplied by [defendants], broke away from the helmet." (Id. ¶ 23). "The razor sharp edge of the visor caused a number of severe lacerations and fractures to [p]laintiff's face." (Id. ¶ 24).

Plaintiff purchased the helmet "online through Amazon." (Id. ¶ 27). The American defendants "are businesses engaged in the design, manufacture, assembly, advertising, promotion, marketing, distribution, sale, and/or supply of riding helmets." (Id. ¶ 51). They allegedly "manufactured, marketed and/or sold [the helmet] under their trade name as a manufacturer." (Id. ¶ 41).

According to the complaint, defendants ERS, Inc., ERSE, and ERS, LLC, are Delaware corporations, with their principal places of business in Pennsylvania. Defendant ASI is a New York corporation, with its principal place of business in New York. Defendant ITR is a Delaware corporation with an office in Delaware. Plaintiff further alleges that defendants ERS, Inc., ERSE, and ERS, LLC, are "parents, subsidiaries, successors, predecessors, and/or affiliates of [d]efendants ASI and ITR, and act in furtherance of the business interests" of the American defendants. (Id. ¶ 20).

3

**COURT'S DISCUSSION**

A.  Standard of Review

In any case removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).[1] "The burden of establishing federal jurisdiction is placed upon the party seeking removal." Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). "Because removal jurisdiction raises significant federalism concerns, [the court] must strictly construe removal jurisdiction." Id. "If federal jurisdiction is doubtful, a remand is necessary." Id.; see Palisades Collections LLC v. Shorts, 552 F.3d 327, 336 (4th Cir. 2008) (recognizing the court's "duty to construe removal jurisdiction strictly and resolve doubts in favor of remand").

B.  Analysis

In its notice of removal, defendant ITR invokes the court's diversity jurisdiction. This court has diversity jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1). "Section 1332 requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." Cent. W. Virginia Energy Co. v. Mountain State Carbon, LLC, 636 F.3d 101, 103 (4th Cir. 2011). A corporation is a citizen of the state in which it is incorporated and of the state in which it maintains its principal place of business. See 28 U.S.C. § 1332(c)(1); Hertz Corp. v. Friend, 559 U.S. 77, 80-81 (2010).

Because plaintiff and defendant ASI are both citizens of New York, complete diversity is lacking. Defendant ITR contends, however, that ASI's citizenship must be disregarded for

---

[1] Internal citations and quotation marks are omitted from all citations unless otherwise specified.

4

diversity purposes because it was fraudulently joined in this action. For the following reasons, the court finds that defendant ITR has not met its burden of establishing fraudulent joinder and the existence of diversity jurisdiction.

"[T]he fraudulent joinder doctrine provides that diversity jurisdiction is not automatically defeated by naming non-diverse defendants." Weidman v. Exxon Mobil Corp., 776 F.3d 214, 218 (4th Cir. 2015). The doctrine "effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." Johnson v. Am. Towers, LLC, 781 F.3d 693, 704 (4th Cir. 2015).

Invocation of the fraudulent joinder doctrine is appropriate only where "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or . . . there has been outright fraud in the plaintiff's pleading of jurisdictional facts." Marshall v. Manville Sales Corp., 6 F.3d 229, 232-33 (4th Cir. 1993) (emphasis in original). "[U]ltimate success is not required to defeat removal. Rather, there need be only a slight possibility of a right to relief. Once the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends." Hartley v. CSX Transp., Inc., 187 F.3d 422, 426 (4th Cir. 1999) (emphasis added); Mayes v. Rapoport, 198 F.3d 457, 466 (4th Cir. 1999). "The party alleging fraudulent joinder bears a heavy burden—it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." Hartley, 187 F.3d at 424. Where facts are disputed, "a jurisdictional inquiry is not the appropriate stage of litigation to resolve. . . various uncertain questions." Id. at 425.

Here, defendant ITR does not assert outright fraud; rather, it argues that "[p]laintiff cannot establish any of her alleged claims for relief against [ASI] under North Carolina law." (DE 15 at

5

7). Plaintiff, however, has pleaded facts sufficient to establish a "slight possibility of a right to relief" on her negligence claim under North Carolina law. Hartley, 187 F.3d at 426. "To establish a prima facie case of negligence in a products liability action, a party must show 1) evidence of care owed by the reasonably prudent person in similar circumstances; 2) breach of that standard of care; 3) injury caused directly or proximately by the breach, and 4) loss because of the injury." Holley v. Burroughs Wellcome Co., 318 N.C. 352, 355 (1986); see also 1 NORTH CAROLINA LAW OF TORTS § 26.30 (2022). "A manufacturer owes to the ultimate consumer the duty not to construct the article with hidden defects which might result in injury" under North Carolina law. Corprew v. Geigy Chemical Corp., 271 N.C. 485, 493 (1967). "There must be some causal relationship between the breach of duty and the injury." Reason v. Singer Sewing Machine Co., 259 N.C. 264 (1963).

Plaintiff alleges that defendants, including ASI, "manufactured, marketed and/or sold [the helmet] under their trade name as a manufacturer." (Compl. ¶ 41). Defendant ASI thus had a duty "not to construct the [helmet] with hidden defects." Corprew, 271 N.C. at 493. Plaintiff additionally alleges that the helmet was made "with a razor-sharp visor," (Compl. ¶ 24), which "broke away from the helmet," (Compl. ¶ 23), "caus[ing] severe lacerations and fractures to [her] face." (Compl. ¶ 24). Incorporating a sharp edge into the design for a piece of protective equipment or failing to ensure that pieces of the helmet would not break off on impact could constitute a breach of a manufacturer's duty. These allegations also tend to establish that the helmet's malfunction was the cause of plaintiff's injuries.

Plaintiff has also stated facts sufficient to show at least a "slight possibility of a right to relief" with respect to defendant ASI's responsibility in manufacturing the product. Plaintiff's allegations that "[d]efendants ERS, Inc., ERSE, ERS, LLC, ASI and ATR are businesses engaged

6

in the design, manufacture, assembly, sale, and/or supply of riding helmets," (Compl. ¶ 51), who "manufactured, marketed, and/or sold [the helmet] under their trade name as a manufacturer," (Compl. ¶ 41), accuse all American defendants of wrongdoing to the same extent. Her allegation that defendants ERS; ERSE; and ERS, LLC "are parents, subsidiaries, successors, predecessors, and/or affiliates of [d]efendants ASI and ITR, and act in furtherance of the business interests" of American defendants provides additional support for the proposition that the American defendants acted in concert. "Once the court has identified [a] glimmer of hope for the plaintiff," as these allegations provide, "the jurisdictional inquiry ends." Hartley, 187 F.3d at 426. In sum, remand is required on this basis alone, and the court does not address plaintiff's other asserted, and contested, grounds for remand.

Defendant ITR nonetheless urges this court to determine whether plaintiff has established a possibility of relief by weighing the allegations in the pleadings against defendant's own affidavits. In support, it points to AIDS Counseling & Testing Centers. v. Group W Television, Inc., 903 F.2d 1000 (4th Cir. 1990), in which the court reasoned in addressing an issue of fraudulent joinder that "the court is not bound by the allegations of the pleadings, but may instead consider the entire record, and determine the basis of joinder by any means available." Id. at 1004. It also points to Higgs v. Brian Center Health & Retirement/Windsor, Inc., 367 F.Supp. 439, 448 (E.D.N.C. 2019), in which the Eastern District of North Carolina relied on affidavits submitted by defendant to decide a legal question when plaintiff had not alleged facts sufficient to raise the possibility of a right to relief. These cases, however, both involved circumstances not present here. Plaintiffs in AIDS Counseling sought leave to amend their complaint in order to join a non-diverse defendant who "was entirely unconnected" with the matter after defendants had removed and the parties had already developed an extensive discovery record in state court. Id. at 1003; see also

7

Allard v. Laroya, 163 F.Supp.3d 309, 311 (E.D.V.A. 2016) (noting, "The Fourth Circuit. . . reached that conclusion in the context of a plaintiff seeking to add a nondiverse defendant after a case has been removed to federal court, circumstances that are not present here.").

Here, by contrast, defendants seek to rely on a series of one-sided affidavits that directly contradict the facts plaintiff alleges in her complaint. Defendant ITR's allegations that ASI "does not and has never manufactured or distributed equestrian riding helmets or any other equestrian products, including the. . . helmet identified in the complaint," (DE 15 at 6), and "did not design, manufacture, fabricate, construct, test, import, assemble, supply, promote, sale [sic], advertise, warrant or distribute" the helmet, (DE 15-1 at 2), are in conflict with the facts alleged in the complaint. Where this court must "resolv[e] all issues of . . . fact in the plaintiff's favor," Marshall, 6 F.3d at 233, and where the applicable standard whether there "is a slight possibility of a right to relief," Hartley, 187 F.3d at 426, the court does not adjudicate such factual conflicts for purposes of the instant motion to remand. See, e.g., Rocky Mount Family YMCA, Inc. v. United States Fire Insurance Co., No. 5:20-CV-623-FL, 2021 WL 1233464 (E.D.N.C. 2021) (declining to find fraudulent joinder where a novel issue of law existed and where plaintiff alleged facts sufficient to raise the possibility that defendants were engaged in a joint venture); Royal v. Goodyear Tire & Rubber Co., No. 5:12-CV-753-BO, 2013 WL 3357739 at *2 ("[D]efendants' brief asks the Court to wade too deeply into the weighing and analysis of parties' factual allegations.").

Defendant ITR argues that plaintiff is required to provide "allegations in the complaint that identify [a] specific role of [defendant ASI] related to the Ovation helmet or identify. . . specific wrongdoing." (DE 15 at 11). This argument similarly falls short because it is inconsistent with the Hartley standard and it relies upon cases from outside the Fourth Circuit. For example, defendant cites cases from the Southern District of Mississippi and the Fifth Circuit, under which

8

"a removing party's claim of fraudulent joinder to destroy diversity is viewed as similar to a motion for summary judgment." Badon v. R.J.R. Nabisco, Inc., 224 F.3d 382, 393 (5th Cir. 2000); see also Banger ex rel. Greeman v. Magnolia Nursing Home, L.P., 234 F.Supp.2d 633, 637 (S.D. Miss. 2002) ("[A]" court must resolve all disputed questions of fact and ambiguities of law in favor of the non-removing party, but only when. . . both parties have submitted evidence of contradictory facts.") (emphasis in original). That is not the applicable rule in the Fourth Circuit, where "the standard [for fraudulent joinder] is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Hartley, 187 F.3d 422. Accordingly, where plaintiff and defendant have alleged contradictory facts, the court resolves those issues in plaintiff's favor as required by Fourth Circuit precedent.

In sum, where diversity jurisdiction is lacking, and defendant ITR has not demonstrated fraudulent joinder under the applicable standard, plaintiff's motion to remand must be denied.

C.   Plaintiff's Costs

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Ultimately, the strict standard of review for a defendant asserting fraudulent joinder forecloses diversity jurisdiction in the instant case. Nonetheless, defendant ITR presented reasonable arguments why the fraudulent joinder doctrine should be applied in the instant case. See In re Crescent City Estates, LLC, 588 F.3d 822, 830 (4th Cir. 2009) ("Erroneous removal

9

might very well be the result of an honest but forgivable mistake of legal judgment." ). Therefore, each side will bear their own costs.

D.      Motion for Extension of Time

Where the court has determined that remand to Halifax County Superior Court is required in this case, process is required to be served according to the North Carolina Rules of Civil Procedure. See N.C. R. Civ. P. 4. Accordingly, the court does not reach plaintiff's motion for extension of time for service.

## CONCLUSION

Based on the foregoing, plaintiff's motion to remand, (DE 11), is GRANTED. Pursuant to 28 U.S.C. § 1447(c), this case is REMANDED to the Halifax County Superior Court for further proceedings. The court declines to award costs and fees. It does not reach plaintiff's motion for extension of time to accomplish service upon ERS, Inc. (DE 21). The clerk is DIRECTED to transmit to the Halifax County Superior Court a certified copy of this order of remand, and to file on the docket herein a notice of such transmittal.

SO ORDERED, this the 12th day of December, 2022.

_/s/ Louise W. Flanagan_
LOUISE W. FLANAGAN
United States District Judge